BENIGNA PÉREZ GRACIANI ET AL., Plaintiffs and Appellees, *v.* ANA MARÍA MANESCAU Y CONDE, Defendant and Appellant.

No. 6286. Argued May 8, 1933.—Decided May 10, 1933.

R. *Atiles Moreu* for appellant.   C. *Olivieri* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This suit was commenced in the District Court of Ponce, in February 1932. The defendant first filed a motion to strike out and thereafter a demurrer, and both were overruled. She then answered and admitted that she owed the sum of $600 claimed, but she alleged that the claim was barred. She also admitted having agreed to pay the other sum of $444.18 claimed, but she averred that the same was not yet due. She further alleged that she did not owe the interest sought to be recovered, and again set up, as a special defense, the prescription of the debt of $600.

The case went to trial and the court found against the defendant. From its statement of the case and opinion it seems proper to transcribe the following:

"The trial of the case was had before this District Court on October 7, 1932, after setting a date therefor in the court's general calendar for civil matters. The plaintiffs and the defendant appeared by their respective attorneys, Messrs. Cipriano Olivieri and Rafael Atiles Moreu.

"The plaintiffs offered oral and documentary evidence, which was admitted. The defendant offered no evidence whatsoever.

"The court, in view of the admissions appearing in the defendant's answer and the evidence introduced by the plaintiffs, which stood uncontradicted, holds as satisfactorily proved each and every one of the allegations of the complaint.

"By reason of all the foregoing, and in view of section 1058 of the Civil Code (Comp. Stat., 1911), the court is of the opinion that a judgment should be rendered stating that the facts and the law in this case are in favor of the plaintiffs, Benigna Pérez Graciani and her husband Ángel M. Irizarry, and against the defendant, Ana María Manescau Conde, and that the complaint should be sustained in its entirety, and accordingly it adjudges the defendant to pay the total sum claimed of ONE THOUSAND TWO HUNDRED ELEVEN DOLLARS AND TWENTY-TWO CENTS ($1,211.22), plus the corresponding interest on said sum from the date the complaint was filed until the date of final payment, together with costs, disbursements, and attorney's fees.''

Feeling aggrieved by that judgment, the defendant appealed. On February 18, 1933, the transcript of the record was filed in this Court, and three days later the appellant's brief was similarly filed. On March 2 the appellees filed theirs.

At this stage, on May 1 of the present year, the appellees moved to dismiss this appeal as frivolous. The appellant objected in writing, and the hearing of the motion took place on May 8 without the appearance of the parties.

Appellant's brief contains only two assignments of error, namely, that the district court erred in adjudging her to pay $1,211.22, plus interest on said sum until fully paid, and also in imposing costs on her.

In arguing the first assignment, the appellant expressly admits the debt of $1,211.22. She does not agree with the finding that she is to pay interest on the whole amount at the rate of one per cent until fully paid. She maintains that the judgment should have been as follows:

"(a) The defendant is adjudged to pay the sum of $600, with interest thereon at the rate of one per cent per month, from the date of the filing of the complaint until fully paid.

"(b) The defendant is adjudged to pay the sum of $444.18, with interest thereon at the rate of one per cent per month, from the date of the filing of the complaint until September 30, 1932.

"(c) The defendant is adjudged to pay the sum of $96.00 as interest on $600, plust interest on said $96.00 at the rate of six per

cent per annum, from the date of the filing of the complaint until fully paid.

"(*d*) The defendant is adjudged to pay the sum of $71.04 as interest on $444.18, plust interest on said $71.04 at the rate of six per cent per annum, from the date of the filing of the complaint until fully paid."

Based not only on the record but also on the appellant's brief itself, the appellees maintain that the appeal is frivolous.

There is no doubt as regards the correctness and justice of the judgment with respect to the principal amount claimed and ordered to be paid. Let us examine the interest. The judgment directed the defendant to pay "the corresponding interest," and the appellees maintain that this general pronouncement covers the specific ones to which the appellant makes reference in her brief.

That being so, and as the appellees expressly admit in their brief that the judgment should be construed to mean, with respect to the payment of interest, what the appellant claims, there is no controversy, and the disposal of this appeal should not be delayed any longer.

There only remains to consider the other assignment. There is no basis to conclude that the trial court abused its discretion in imposing the costs. Had the appellant adopted before the court *a quo* the attitude she has adopted on appeal, and had she proposed that judgment be rendered in the form which she now admits to be just, it is clear that no costs would have been imposed on her. But she filed motions and exceptions, and she answered setting up the prescription of one of the claims sought to be enforced against her and the unmaturity of the other; all this without any foundation. It is only reasonable that she should be adjudged to pay the costs that with her obstinate defense she caused her creditor to incur.

With the explanation made in regard to the interest, the appeal is shown to be entirely frivolous and for that reason it should be dismissed.